Rory Brian Riley, Esq.
AZ Bar No.: 032933
Email: Briley@forthepeople.com
Tel.: (602) 735-0230
Matthew R. Gunter, Esq.
FL Bar No.: 0077459
(Pro Hac Vice application forthcoming)
Morgan & Morgan, P.A.
2355 Camelback Road, Suite 335
Phoenix, AZ 85016
Email: MGunter@forthepeople.com
Tel.: (407) 236-0946
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## FOR DISTRICT OF ARIZONA
## PHOENIX DIVISION

| | |
|---|---|
| JESSICA SMITH, | |
| Plaintiff, | CASE NO.: |
| vs. | COMPLAINT AND DEMAND FOR JURY TRIAL |
| BH Corporate Office d/b/a Banner Health, | |
| Defendant. | |

Dated this 1st day of December, 2021.

*/s/ Rory Brian Riley*
Rory Brian Riley, Esq.
AZBN: 032933
Email: Briley@forthepeople.com
*/s/ Matthew R. Gunter*
Matthew R. Gunter, Esq.
(Pro Hac Vice application forthcoming)
Attorneys for Plaintiff

Plaintiff, JESSICA SMITH ("Plaintiff"), by and through undersigned counsel, hereby files this Complaint against Defendant, BH Corporate Office d/b/a Banner Health, ("Defendant") and in support thereof states as follows:

## JURIDISCTION AND VENUE

1. This suit is brought against Defendant pursuant to Title VII of the Civil Rights Act of 1964/Pregnancy Discrimination Act, as amended ("Title VII").

2. Jurisdiction is conferred upon this Court by:

   a. 42 U.S.C. § 200e-5;

   b. 28 U.S.C. § 1331; and

   c. 28 U.S.C. § 1343.

3. Venue is proper for the United States District Court for the District of Arizona because:

   a. Plaintiff's employment with Defendant took place in the District of Arizona;

   b. The illegal conduct complained of and the resultant injury occurred within the judicial district in and for the District of Arizona; and

   c. Additionally, venue lies pursuant to 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1391(b) & (c), because the acts that give rise to Plaintiff's claims occurred within the District of Arizona, and because

Defendant is subject to personal jurisdiction there due to employing Plaintiff in the District of Arizona.

d.     Specifically, Plaintiff was employed and terminated by Defendant at 1625 N. Campbell Ave, Tucson, Arizona 85719.

## CONDITIONS PRECEDENT

4.     Prior to the institution of this lawsuit, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission alleging violations of Title VII by Defendant.

5.     Plaintiff's charge of discrimination was received by the Equal Employment Opportunity Commission on April 1, 2021.

6.     Plaintiff received the Notice of Right to Sue September 1, 2021.

7.     This Complaint is being filed within ninety (90) days of the date in which Plaintiff requested his Notice of Right to Sue, and has been filed more than one-hundred and eighty (180) days after the Charge of Discrimination was filed with the EEOC.

8.     All conditions precedent to the institution of this lawsuit have been fulfilled.

## PARTIES

9.     Plaintiff is a citizen of the United States, who during all material times resided in the District of Arizona, and currently resides in the District of Arizona.

10. Plaintiff's gender is female.

11. BH Corporate Office d/b/a Banner Health is a Domestic Non-Profit Corporation listing its principal office address as 2901 N. Central Avenue, Suite 160, Phoenix AZ, 85012. See Arizona's Division of Corporations website at www.azcc.gov

12. Plaintiff worked for Defendant at Diamond Children's Medical Center located at 1625 N. Campbell Avenue, Tucson, Arizona 85719.

13. Plaintiff worked for Defendant as a Registered Nurse Practitioner.

14. Plaintiff was/is an "employee" within the meaning of Title VII, 42 U.S.C. § 2000e(f).

15. Defendant is an "employer" within the meaning of Title VII, 42 U.S.C. § 2000e(b).

16. Defendant is engaged in an "industry affecting commerce" within the meaning of Title VII, 42 U.S.C. § 2000e(f).

17. At all times material to this action, Defendant engaged in unlawful gender discriminatory and retaliatory practices against Plaintiff in violation of Title VII.

## STATEMENT OF CLAIMS

18. Plaintiff was hired by Defendant on or about July 1, 2019.

19. Defendant trained Plaintiff and directed her job duties, responsibilities, and hours worked.

20. On September 16, 2020, Plaintiff gave birth to her child. As a result, Plaintiff took Family Medical Leave and returned to work on November 29, 2020.

21. Upon Plaintiff's return to work, she notified her Manager, Taylor Underwood, that she would need to pump every 2-3 hours to express breast milk for her newborn, as required by her physician.

22. Indeed, Plaintiff provided a doctor's note indicating Plaintiff needed to pump every 2-3 hours while at work to maintain a supply of breast milk for her newborn.

23. Despite the request, Plaintiff was told repeatedly that she had to either complete all her job duties/responsibilities or find another available nurse to cover for her in order to excuse herself to pump.

24. Defendant rarely made nurses available to cover for Plaintiff and as a result, was not able to pump every 2-3 hours as required. Specifically, whenever Plaintiff asked another nurse to cover for 10-15 minutes to allow her to pump, Plaintiff was told they were too busy.

25. Plaintiff was only able to pump once every 12-13 hours (once per shift).

26. Due to the above, Plaintiff spoke with her Manager, Taylor Underwood, on multiple occasions to express her concern she was not being allowed to pump.

27. As a result of not being able to pump as regularly as medically required, Plaintiff developed Mastitis. Mastitis is an inflammation of breast tissue that sometimes involves an infection. The inflammation results in breast pain, swelling, warmth and redness. Mastitis can occur in women who aren't breast-feeding. See https://www.mayoclinic.org/diseases-conditions/mastitis

28. Defendant failed to provide Plaintiff 10-15 minutes every 2-3 hours to express breast milk as required by her physician.

29. Due to the health concerns associated with not being able to express breast milk and concerns for the continued care of her child, Plaintiff had no other option but to tender her resignation on March 24, 2021.

30. Plaintiff's employment was terminated as a result of constructive discharge.

31. Plaintiff engaged in protected activity when she complained multiple times of Defendant regarding her inability to express breast milk as required by physician.

32. Defendant has engaged in unlawful employment practices in violation of Title VII by discriminating against Plaintiff when Defendant failed to accommodate Plaintiff with 10-15 minutes every 2-3 hours to pump.

33. Plaintiff was forced to resign (constructive discharge) because Defendant would not accommodate Plaintiff's request.

34. Plaintiff's employment was terminated based upon her gender, female.

35. The effect of the practices complained of above has been to deprive Plaintiff of equal employment opportunities.

36. The unlawful employment practices complained of above were intentional.

37. The unlawful employment practices complained of above were willful.

## APPLICABLE STATUTES

38. Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e, et seq., provides in pertinent part as follows:

>  (a) It shall be an unlawful employment practice for an employer -
>    1. to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individuals race, color, religion, sex, or national origin.

## COUNT I
## <u>TERMINATION (CONSTRUCTIVE) BASED ON SEX/GENDER (TITLE VII)</u>

39. Plaintiff re-alleges and adopts paragraph 1 – 38 as though set forth fully herein.

40. Defendant unlawfully failed to provide Plaintiff with accommodations, time to express breast milk, which caused her to develop Mastitis and decrease milk supply for her newborn child.

41. Plaintiff's request for accommodation was a protected activity under Title VII.

42. Due to Defendant failing to provide reasonable accommodation to Plaintiff, she had no other option but to tender her resignation of employment.

43. Defendant knew Plaintiff required 10-15 minutes every 2-3 hours to express breast milk but failed to accommodate her request to do so.

44. Defendant discriminated against Plaintiff due to her sex, female, and due to her pregnancy.

45. Defendant's acts were intentional, with malice, and in violation of Plaintiff's protected civil rights under Title VII.

46. Plaintiff has been damaged and continues to be damaged by Defendant's illegal conduct and discriminatory actions based on her engaging in protected activity.

47. The above discrimination was done by Defendant with a reckless disregard for Plaintiff's rights under federal law.

48. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

**WHEREFORE**, Plaintiff, JESSICA SMITH, prays for a trial by jury and all legal and equitable relief allowed by law including:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits and/or lost earning capacity;

    d. Compensatory damages for emotional pain and suffering;

    e. Injunctive relief;

    f. Prejudgment interest;

    g. Costs and attorney's fees; and

    h. Such other relief as the Court may deem just and proper.

**<u>Plaintiff specifically reserves the right to amend his Complaint to seek punitive damages against Defendant</u>**

DATED this 1st day of December, 2021.

**Respectfully submitted,**

**MORGAN & MORGAN, P.A.**

*/s/ Rory Brian Riley*
Rory Brian Riley, Esq.
AZ Bar No.: 032933
Email: Briley@forthepeople.com
*/s/ Matthew R. Gunter*
Matthew R. Gunter, Esq.
(Pro Hac Vice application forthcoming)
FL Bar No.: 0077459
Morgan & Morgan, P.A.
2355 Camelback Road, Suite 335
Phoenix, AZ 85016
Tel.: (407) 236-0946
Fax: (407) 867-4791
Email: MGunter@forthepeople.com
Attorneys for Plaintiff